UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PHILIP LIGHTFOOT,

       Petitioner,

v.                                     Case No. 2:11-cv-14967

DEBRA SCUTT,

       Respondent.
_____/

**ORDER DENYING MOTION TO APPOINT COUNSEL AND
MOTION FOR RELEASE PENDING APPEAL**

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Philip Lightfoot, currently incarcerated by the Michigan Department of Corrections at the Parnall Correctional Facility in Jackson, Michigan, filed a habeas petition on November 10, 2011, challenging his conviction for possessing contraband. Pending before the court are the following motions: "Motion to Appoint Counsel" and "Motion for Release Pending Appeal," filed on December 1, 2011. For the reasons set forth below, the court will deny both motions.

**I. MOTION TO APPOINT COUNSEL**

Petitioner first requests appointment of counsel claiming that his legal issues are complex and that he is unable to afford counsel. The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). There exists no constitutional right to the appointment of counsel in habeas cases, and the court has broad discretion in determining whether counsel

should be appointed.  *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right." (internal quotation marks omitted)).  A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Petitioner has submitted his pleadings in support of his claims.  The court determines, after careful consideration, that the interests of justice do not require appointment of counsel at this time.  The court has not yet received Respondent's answer and the Rule 5 materials, due May 31, 2012.  At that time, the court may reconsider Petitioner's motion and determine, after a careful review of the answer and the Rule 5 materials, that appointment of counsel is necessary.  Petitioner need not file any additional motions regarding this issue.

## II.  MOTION FOR RELEASE PENDING APPEAL

Petitioner seeks immediate release from custody or release on bail pending disposition of his habeas petition.  Petitioner's argument in favor of release on bond is based upon Federal Rule of Appellate Procedure 23(c) and his sentencing claims.  Federal Rule of Appellate Procedure 23(c) provides that, while a decision ordering the release of a prisoner is on appeal, "the prisoner must—unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety."  Rule 23(c) addresses situations where a party appeals a district court's decision granting habeas relief and ordering a petitioner's release.  *See Sizemore v.*

*District Court*, 735 F.2d 204, 208 (6th Cir. 1984).  By implication the court should not grant bail under other circumstances.  This court has not granted habeas relief in this case. Therefore, Rule 23(c) is inapplicable.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice."  *Aronson v. May*, 85 S.Ct. 3, 5 (Douglas, Circuit Justice 1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.1990).  "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79.  "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."  *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Petitioner has failed to demonstrate a substantial claim of law based on his allegations that he is being held beyond the expiration of his maximum sentences. Petitioner's sentencing claims are also insufficiently persuasive to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond.  Therefore, Petitioner has not met either of the requirements for release on bond pending the review of this matter.  And, because the court has not yet received Respondent's answer or the Rule 5 materials, it is premature for the court to order the immediate release of Petitioner without having had the opportunity to fully

review the record. The court will deny Petitioner's request for his immediate release from custody.

## III. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's "Motion to Appoint Counsel" [dkt. # 7] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's "Motion for Release Pending Appeal" [dkt. # 8] is DENIED.

        s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: January 10, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 10, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522