**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PHILIP LIGHTFOOT,

    Petitioner,

v.                                      Case No. 11-14967

DEBRA SCUTT,

    Respondent.
                                 /

**OPINION AND ORDER DENYING AS MOOT PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED *IN FORMA PAUPERS* ON APPEAL**

    This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Philip Lightfoot was incarcerated by the Michigan Department of Corrections for three separate offenses including assault with intent to do great bodily harm less than murder, felony firearm, possession of a short-barreled firearm, and prisoner in possession of contraband. On November 10, 2011, he filed this habeas petition challenging the calculation of his sentences. Since that time, however, Petitioner has completed his sentences, and he was discharged from custody on June 1, 2012. *See* Mich. Dep't of Corrs. Offender Tracking Info. Sys. ("OTIS").[1] The court will therefore deny his petition as moot.

---

[1]This court is permitted to take judicial notice of the information contained on OTIS. *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

## I.  DISCUSSION

In order to attack a state-court conviction in a federal habeas proceeding, a petitioner must be "in custody" pursuant to that conviction at the time the habeas petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *see also* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").  When a petitioner is released during the pendency of his case, the court is not divested of jurisdiction as long as the petitioner was "in custody" at the time the petition was filed.  *Carafas*, 391 U.S. at 238.  At the time he instituted this habeas action, Petitioner satisfied the "in custody" requirement because he was still confined in prison.

Nevertheless, a petitioner's release from custody may moot his habeas claims.  The United States Constitution provides that a federal court has jurisdiction only over actual cases or controversies.  *See* U.S. Const. art. III, § 2.  As the Supreme Court has explained:

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .  The parties must continue to have a personal stake in the outcome of the lawsuit."  This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (alteration in original) (citations omitted) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  Thus, a case

becomes moot and outside the court's jurisdiction "when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Mootness is a jurisdictional issue that may be raised by a court *sua sponte*. See *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Once a habeas petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. Ordinarily, a habeas petition challenging a criminal conviction will not be moot because a criminal conviction generally has continuing collateral consequences. *See id.* ("In recent decades, [the Supreme Court has] been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)." (citing *Sibron v. New York*, 392 U.S. 40, 55-56 (1968))). When a petitioner has been fully discharged from his sentence and his claims only concern sentencing matters, however, there are no continuing collateral consequences which can be redressed by a favorable court decision. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *United States v. Waltanen*, 356 F. App'x 848, 851 (6th Cir. 2009) ("'[I]f a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired.'" (quoting *United States v. Goldberg*, 239 F. App'x 993, 994 (6th Cir. 2007))).

Such is the case here. All of Petitioner's habeas claims concern an alleged miscalculation of his good time credits that purportedly resulted in imprisonment beyond his maximum sentence. Petitioner, however, has fully discharged his sentences and is no longer incarcerated. The court can provide no further remedy for the constitutional violations he alleges, and his habeas claims have been rendered moot. *Cf. Hood v. Wilson*, 389 F. App'x 522 (6th Cir. 2010) (per curiam) (dismissing as moot appeal from denial of habeas petition on claim that "appellate counsel was ineffective for failing to challenge [petitioner's] sentence" because petitioner had been discharged from custody). Thus, the habeas petition must be denied.

## II. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 n.4 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Upon such review, the court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his claims. A certificate of appealability is not warranted.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DENIED AS MOOT.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Finally, IT IS ORDERED that permission to proceed on appeal *in forma pauperis* is DENIED under Federal Rule of Appellate Procedure 24(a)(3)(A), as any appeal from this order would be frivolous and cannot be taken in good faith.

   s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2012, by electronic and/or ordinary mail.

   s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522